UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:24-cv-167

| | |
|---|---|
| MICHELA BLALOCK and CASEY COMBS;<br><br>Plaintiffs,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PRUCO LIFE INSURANCE COMPANY,<br><br>Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs, MICHELA BLALOCK and CASEY COMBS bring this Complaint against Defendants PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO LIFE INSURANCE COMPANY (hereafter, individually and/or collectively "Prudential"), and set forth the following:

**PARTIES, JURISDICTION AND VENUE**

1. The deceased, Patsy Hines Rhyne, was born on August 19, 1951 and was seventy years old at the time of her death. At all times relevant to the events set forth herein, Patsy Hines Rhyne was a citizen and resident of North Carolina. Hereinafter Ms. Rhyne may sometimes be referred to as the "Decedent."

2. Plaintiff Michela Blalock is the granddaughter of the Decedent.

3. Ms. Blalock is a citizen of the state of North Carolina, residing in Alexander County, North Carolina.

4. Plaintiff Casey Combs is the grandson of the Decedent.

5. Mr. Combs is a citizen of the State of North Carolina, residing in Alexander County, North Carolina.

6. Defendant Prudential Insurance Company of America was and is an insurance company organized and existing under the laws of the State of New Jersey, with its principal place of business in Newark, New Jersey.

7. Prudential Insurance Company of America is licensed to conduct insurance business in North Carolina.

8. On information and belief, Prudential Insurance Company of America regularly conducts business in North Carolina.

9. Defendant Pruco Life Insurance Company was and is an insurance company organized and existing under the laws of the State Arizona, with its principal place of business in Newark, New Jersey.

10. Pruco Life Insurance Company is licensed to conduct insurance business in North Carolina.

11. On information and belief, Pruco Life Insurance Company regularly conducts business in North Carolina.

12. On information and belief, the Defendants Prudential Insurance Company of America and Pruco Life Insurance Company (hereafter, individually and/or collectively, "Prudential") sell and administer life insurance products in North Carolina.

13. In or about 2020, Ms. Rhyne purchased a term life insurance policy from Prudential (hereafter, the "Policy").

14. On information and belief, Prudential sold the Policy to Ms. Rhyne in Alexander County, North Carolina.

15. The Policy pays a death benefit of $150,000.00.

16. This Court has subject matter jurisdiction of this matter under 29 U.S.C. §1332(a).

17. On information and belief, any one or both of the Defendants provided claims processing services relating to the Policy.

18. On information and belief, any one or both of the Defendants provided claims administrative services relating to the Policy.

19. On information and belief, any one or both of the Defendants are the payor for proceeds payable under the Policy.

## **FACTUAL BACKGROUND OF CLAIMS ASSERTED**

20. At all times relevant to this action, Decedent was covered and insured under the Policy.

21. The Decedent designated Plaintiffs Michela Blalock and Casey Combs the sole beneficiaries of the Policy.

22. The Decedent paid all premiums required under the Policy.

23. The Decedent completed all requirements to obtain and maintain coverage under the Policy.

24. Prudential continued to collect premiums from the Decedent until her death in 2021.

25. Ms. Rhyne passed away on October 18, 2021.

26. After Ms. Rhyne's death in the fall of 2021, the Plaintiffs made a claim for life insurance benefits under the Policy.

27. Prudential refused to pay the death benefit owed under the Policy.

28. By letter dated February 2, 2022, Prudential attempted to coerce the Plaintiffs into agreeing to cancel the insurance policy by accepting payment of $5,518.23 rather than the death benefit provided for in the Policy.

29. On or about May 4, 2022, Plaintiffs requested information supporting Prudential's denial decision.

30. Prudential refused to provide Plaintiffs with the requested information relevant to their claims under the Policy.

31. Prudential refused to provide Plaintiffs with information that would support Prudential's settlement offer.

## CLAIMS FOR RELIEF

### COUNT ONE
### Breach of Contract

32. Plaintiffs incorporate paragraphs 1 through 31 as though fully set forth herein.

33. At all times relevant to this action, Prudential had a valid contract with Decedent and Plaintiffs Blalock and Combs to provide life insurance proceeds to Plaintiffs Blalock and Combs in the event of Decedent's death.

34. Decedent's coverage under the Policy was binding and enforceable and made for good and valuable consideration.

35. At all times relevant hereto Decedent complied with her obligations under the Policy.

36. Plaintiff Michela Blalock is a valid beneficiary of this contract.

37. Plaintiff Casey Combs is a valid beneficiary of this contract.

38. By failing and refusing to provide death benefits to Decedent's lawful beneficiaries, Prudential has materially breached the Policy.

39. Decedent's contract with Prudential was effective at the time of Decedent's death.

40. Prudential was contractually obligated to pay to Plaintiffs the proceeds of the Policy.

41. Prudential breached its contract in any one or more of the following ways:

    a. By failing to perform the express terms of the contract;

    b. By altering, or allowing the unauthorized alteration, of the terms of this contract by one of its own employees;

    c. By repudiating its duties and obligations under the contract; and/or

    d. By repudiating its obligations to Plaintiffs under its duty of good faith and fair dealing.

42. Prudential failed to perform its duties under the Policy.

43. Prudential's breach caused foreseeable, and actual, damages to Plaintiffs in an amount exceeding seventy-five thousand dollars ($75,000.00).

44. As a direct and proximate result of Defendant's breach of contract, Plaintiffs are entitled to recover damages in an amount to be established at trial.

45. Plaintiffs are entitled to recover damages from Defendant in an amount in excess of $75,000.

## COUNT TWO
## Unfair and Deceptive Trade Practices against Insurance Defendants

46. Plaintiffs incorporate paragraphs 1 through 45 as though fully set forth herein.

47. Prudential engages in substantial commerce in North Carolina with said commerce including but not limited to life insurance sales and life insurance claims services.

48. Defendants' conduct alleged herein, was, at all times relevant hereto, in or affecting commerce in the state of North Carolina.

49. Defendants' conduct constitutes unfair claims settlement practices in violation of one or more subparts of N.C. Gen. Stat. §§ 58-63-15(11) including:

    a. Misrepresenting pertinent facts or Policy provisions related to Plaintiffs' rights under the Policy;

    b. Failing to acknowledge and act reasonably promptly upon communications with respect to Plaintiffs' claims arising under the Policy;

6

Case 5:24-cv-00167-KDB-DCK    Document 1    Filed 07/23/24    Page 6 of 14

c.  Failing to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claim(s) arising under the Policy;

d.  Refusing to pay Plaintiffs' claim(s) without conducting a reasonable investigation based upon all available information;

e.  Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claim(s) in which liability had become reasonably clear;

f.  Compelling the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

g.  Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled; and

h.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Plaintiffs' claim(s) or for the offer of a compromise settlement.

50. For one example, Prudential failed to respond to Plaintiffs' requests for pertinent facts and information surrounding Defendants' denial decision.

51. For another example, Prudential failed to respond to Plaintiffs' numerous requests for documents related to their claim(s), including the claim file.

52. For another example, Prudential attempted to settle the claim for less than the amount required by the Policy.

53. For another example, Prudential failed to conduct a reasonable investigation of Plaintiffs' claim(s) by refusing to investigate or even acknowledge Plaintiffs' claim(s).

54. On information and belief, Prudential relied on information it knew or should have known to be false to support its denial.

55. On information and belief, Prudential committed further unfair claims settlement practices that will be discovered during litigation and proven at trial.

56. On information and belief, Prudential misrepresented pertinent facts and policy terms leading the Decedent to believe Prudential would pay a death benefit if she passed during the term of the Policy.

57. On information and belief, Prudential has a frequent business practice of collecting life insurance premiums and then, if it receives a claim, rescinding coverage at the time of death rather than pay the death benefit for which it collected premiums.

58. Prudential committed the above-described unfair claims settlement practices with such frequency as to indicate a general business practice under N.C.G.S. § 58-63-15(11).

59. Irrespective of the frequency of its unfair practices, Prudential's conduct in this matter constitutes *per se* violations of N.C. Gen.Stat. § 75-1.1 *et seq.*

60. Prudential's conduct was immoral, oppressive, unscrupulous and/or substantially injurious to consumers, including to Plaintiffs.

61. Separate and apart from any violation by Prudential of the provisions of N.C.G.S. § 58-63-15(11), any or all of Prudential's actions described in this complaint violate North Carolina's Unfair and Deceptive Trade Practices Act.

62. Prudential's conduct described herein adversely affects commerce in the state of North Carolina.

63. Prudential's conduct described herein constitutes unfair and deceptive acts affecting commerce and offending public policy in the state of North Carolina.

64. As a direct and proximate result of Defendant's unfair and/or deceptive conduct and/or trade practices, Plaintiffs are entitled to recover damages in an amount in excess of the amounts necessary to be subject of the Courts' jurisdiction, the same being in an amount to be established at trial.

65. In addition to damages set forth herein, Plaintiffs are entitled to recover treble damages pursuant to N.C. Gen.Stat. § 75-16.

66. Prudential has refused, in an unjust and unwarranted matter, to resolve this matter, and therefore, Plaintiffs are entitled to recover a reasonable attorney's fee from Defendants pursuant to N.C. Gen.Stat. § 75-16.1.

67. Plaintiffs are entitled to recover damages from Prudential under North Carolina and other applicable law in an amount in excess of $75,000.

## COUNT THREE
## Common Law Tortious Bad Faith

68. Plaintiffs incorporate paragraphs 1 through 67 as though fully set forth herein.

69. Prudential owes a duty of good faith and fair dealing to Plaintiffs and to all owners and beneficiaries of the Policy.

70. Prudential's required duty of good faith and fair dealing, includes, *inter alia*:

    a. the duty to consider Plaintiffs' and Ms. Rhyne's interests under the Policy at least equal, if not higher than its own;

    b. the duty to review the evidence as a whole and not to selectively review the evidence;

    c. the duty to fully and fairly make decisions based on applications for coverage;

    d. the duty to fully and fairly represent the terms of coverage under the Policy;

    e. the duty to fully and fairly investigate the claim;

    f. the duty to design and conduct the entire claims review process not for the biased purpose of avoiding the expense of conducting reasonable investigations;

    g. the duty to fairly and adequately evaluate Plaintiffs' claim(s);

    h. the duty to not collect premiums for a policy and then rescind coverage in the event of a claim;

    i. the duty to provide Plaintiffs with reasonable access to the claims file and all information Defendant considered, generated, or obtained in administering the claim.

71. Defendant's tortious misconduct is evidenced by Defendant's:

    a. Refusal to investigate the claims or investigate the claims in a rational, evidence-based manner;

    b. Failure promptly to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    c. Imposition of requirements not contained within the Policy;

    d. Misrepresentation of Policy provisions and requirements; and

    e. Such other acts as may be discovered during the litigation or through further investigation and the presentation of evidence at trial.

72. Prudential refused to settle or negotiate Plaintiffs' claim(s) for benefits in conscious and intentional disregard of, and indifference to the rights of Plaintiffs under the subject insurance policy.

73. Prudential internally recognized Plaintiffs' claim as valid but refused to pay the required benefits under the Policy.

74. Prudential acted in bad faith by refusing to settle or negotiate Plaintiffs' claim(s) for benefits.

75. Alternatively, Prudential acted in bad faith by collecting premiums on a policy where it did not intend to actually provide coverage in event of a claim.

76. Defendants' conduct towards Plaintiffs constitutes reckless, outrageous, willful and/or wanton conduct, and is a misuse of its power and authority as an insurance company.

11

77. As a direct and proximate result of the aforementioned acts of Prudential and/or its officers, directors, and/or managers, Plaintiffs suffered harms, losses and damage in an amount in excess of $75,000; including, but not limited to:

    a. the withholding of benefits and payments due under the Policy;

    b. the cost of legal services incurred for the purpose of obtaining benefits due under the contract of insurance; and

    c. such other damages as shown through further discovery, investigation and evidence at trial.

78. Prudential's conduct, as previously alleged and as may be proven through other evidence admitted at trial, breached the covenant of good faith and fair dealing Prudential owed to Plaintiffs.

79. Plaintiffs' damages alleged herein were reasonably foreseeable to Defendants.

80. Plaintiffs are entitled to recover damages from Defendant in an amount in excess of $75,000.

### **Exemplary Damages**

81. Plaintiff realleges and incorporates by reference Paragraphs 1 through 75 as though fully set forth herein.

82. Prudential's conduct as alleged herein was outrageous and/or malicious and/or willful and/or wanton and/or carried out with intentional or reckless disregard for Plaintiffs' rights.

12

Case 5:24-cv-00167-KDB-DCK   Document 1   Filed 07/23/24   Page 12 of 14

83. Prudential's conduct and bad faith were and are sufficiently reckless and/or wanton and/or willful to support a verdict for exemplary damages and, irrespective of willfulness, demonstrated a conscious and intentional or reckless disregard of and indifference to the rights and safety of the public, including to persons like Plaintiffs.

84. Prudential's conduct was carried out with an indifference to the rights and safety of Plaintiffs.

85. Prudential knew, or should have known, that their conduct was reasonably likely to result in harm or loss or damage to Plaintiffs.

86. On information and belief, one or more of the officers, directors, or managers of Prudential participated in or condoned the conduct alleged herein giving rise to the right of Plaintiffs to recover exemplary damages.

87. Plaintiffs are entitled to recover exemplary damages from Defendant in an amount in excess of $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court to enter judgment providing that:

1. Plaintiffs recover judgment from Defendants jointly and severally in excess of $75,000.00 for all compensatory damages, including special and general damages, consequential and incidental damages, together with interest as allowed by law from the time said amount became due until payment;

2. Plaintiffs have and recover compensatory damages from Defendants jointly and severally for the unfair and deceptive trade practices where allowed by law in an amount in excess of $75,000.00;

3. Plaintiffs recover compensatory damages for unfair and deceptive trade practices trebled pursuant to N.C. Gen. Stat §§75-1.1 et seq.;

4. Plaintiffs recover from Defendants the costs of this action, including pre- and post-judgment interest, attorneys' fees and any other costs associated with this action;

5. Plaintiffs recover exemplary damages related to Defendants' tortious conduct in an amount sufficient to deter Defendants and others from engaging in similar conduct;

6. All issues of fact be tried by a jury; and

7. Plaintiffs have and recover such further legal or equitable relief, as the Court deems just and proper.

This 23rd day of July, 2024.

By: */s/ Rachel C. Matesic*
Rachel C. Matesic
N.C. Bar No. 50156
Charles McB. Sasser
N.C. Bar No. 10027
The Sasser Law Firm
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: 704-342-4200
Fax: 704-342-0798
Email: msasser@sasserlawoffice.com
Email: rmatesic@sasserlawoffice.com