# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:24-CV-167-KDB-DCK

| | |
|---|---|
| MICHELA BLALOCK and CASEY COMBS, | )<br>)<br>) |
| Plaintiffs, | )    **PROTECTIVE ORDER** |
| v. | )<br>)<br>) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO LIFE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Protective Order Governing Confidential Documents Produced In Discovery" (Document No. 17) filed February 5, 2025. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order as follows.

It is hereby **ORDERED** by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such

information solely for use in connection with the above-captioned action.

3. If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by notifying the designating party within fourteen (14) days of completion of discovery. The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available.

Within twenty-eight (28) days of completion of discovery, the designating party must then seek a protective order from the Court for such materials, information, testimony designation, or tangible items. Failure to file a Motion for Protective Order shall cause such materials, information, testimony designation, or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure. The filing of a Motion for Protective Order by the designating party within the time limit set forth above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

Prior to submitting to this Court disputes regarding confidentiality of materials, the parties shall confer and shall report to this Court on the outcome of the conference. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

2

Case 5:24-cv-00167-KDB-DCK    Document 18    Filed 02/05/25    Page 2 of 6

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as **Exhibit A**. In the event such person refuses to sign an agreement in the form attached as **Exhibit A**, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court

are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: February 5, 2025

David C. Keesler
United States Magistrate Judge

**AGREED TO BY**:

/s/Rachel C. Matesic
Rachel C. Matesic
NC State Bar No.: 50165
The Sasser Law Firm, P.A.
Suite 350, 1011 E. Morehead Street
Charlotte, NC 28204
Phone: 704-342-4200
Fax: 704-342-0798
Attorney for Plaintiffs


/s/Benjamin L. Worley
Benjamin L. Worley
NC State Bar No.: 29527
Longleaf Law Partners
4509 Creedmoor Road, Suite 302
Raleigh, NC 27614
Phone: (919) 645-4302
Attorney for the Defendants

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:24-CV-167-KDB-DCK

| | |
|---|---|
| **MICHELA BLALOCK and CASEY COMBS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO LIFE INSURANCE COMPANY,**<br><br>**Defendants.** | **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____    SIGNED: _____

Signed in the presence of:

_____
(Attorney)